IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Ochoa-Gutierrez,<br><br>    Petitioner,<br><br>vs.<br><br>Dorthy Vigil, et al.,<br><br>    Respondents, | No.  CV-05-3141-PCT-MHM (ECV)<br><br>**ORDER** |

      Presently pending before this Court is Petitioner Martin Ochoa-Gutierrez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).  On May 2, 2002 in the Mohave County Superior Court, Petitioner plead guilty to two counts of sale of dangerous drugs and one count of possession of dangerous drugs for sale.  Petitioner was sentenced to two concurrent prison terms of eight years for the sale of dangerous drugs counts and a consecutive prison term of ten years for the possession of dangerous drugs for sale count. Petitioner exhausted his appeals in the state court before filing the instant Petition for Writ of Habeas Corpus in this Court on October 7, 2005.  Petitioner alleges ineffective assistance of counsel at his sentencing hearing in violation of the Sixth Amendment.  The Petition is fully briefed including Respondent's Supplemental Answer and Petitioner's Reply to Respondent's Supplemental Answer.  The matter was referred to United States Magistrate Judge Edward C. Voss who has issued a Report and Recommendation that recommends that the Court deny and dismiss Petitioner's Writ of Habeas Corpus with prejudice.

STANDARD OF REVIEW

The Court must review the legal analysis in the Report and Recommendation de novo. See 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report and Recommendation de novo for those facts to which objections are filed. "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

DISCUSSION

Petitioner has challenged his plea-agreement conviction arguing that his Sixth Amendment rights to effective assistance of counsel were violated and he is entitled to post-conviction relief under 28 U.S.C. § 2254(d)(1). To succeed on a post-conviction habeas case, Petitioner must establish that the trial court's decision was "contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court." Davis v. Grigas, 443 F.3d 1155, 1158 (9th Cir. 2006). However, "there is no clearly established federal law as determined by the Supreme Court" regarding the standard for ineffective assistance of counsel in noncapital sentencing cases. Id.; Cooper-Smith v. Palmateer, 397 F.3d 1236, 1244 (9th Cir. 2005). Therefore, even if a state court chooses to apply the two-prong standard established in Strickland v. Washington, 466 U.S. 668 (1984), to a noncapital sentencing case, the court's decision cannot be contrary to, or an unreasonable application of clearly established Supreme Court determined federal law. Cooper-Smith 397 F.3d at 1244-45. Thus, Petitioner is not entitled to habeas relief under 28 U.S.C. § 2254(d)(1).

Alternatively, Petitioner argues that he is entitled to relief under 28 U.S.C. § 2254(d)(2). Petitioner asserts that it was "objectively unreasonable for the state court, when finally presented [during post-conviction proceedings] with the information that had not been part of the original sentencing, to find that none of it would have impacted the sentence." (Doc. 21 at 4). However, Petitioner cites no unreasonable factual determinations by the trial court that would have changed his sentence. Therefore, Petitioner is not entitled to relief under 28 U.S.C. § 2254(d)(2).

CONCLUSION

The Court finds no grounds upon which to grant Petitioner's Writ for Habeas Corpus relief.  Accordingly,

IT IS ORDERED that the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #22) as the Order of the Court.

IT IS FURTHER ORDERED that Petitioner's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1) is denied and dismissed with prejudice.

DATED this 28th day of February, 2007.

_____
Mary H. Murguia
United States District Judge